| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:14-CR-102(1) |
| § | |
| SULTAN ADNAN AL-BIZRI § | |

## MEMORANDUM AND ORDER

Pending before the court is Sultan Adnan Al-Bizri's ("Al-Bizri") Motion to Modify Conditions of Supervised Release (#166), wherein Al-Bizri seeks permission to travel to Spain from September 25, 2024, through October 12, 2024, to attend his sister's wedding. He is currently serving two concurrent, 3-year terms of supervised release stemming from convictions in the Northern District of Texas (No. 5:10CR37-1) in 2010 for possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and in the Eastern District of Texas (No. 1:14CR102-1) in 2015 for attempting to obtain a prohibited object (heroin) by a federal inmate and aiding and abetting in violation of 18 U.S.C. § 1791(a)(2). While Al-Bizri's supervising United States Probation and Pretrial Services ("Probation") Officer Callie Derrick ("USPO Derrick") in the Southern District of Texas and Assistant United States Attorney Jeffrey Haag for the Northern District of Texas do not oppose the motion, his supervisory Probation Officer Hunter Eppes ("USPO Eppes") in the Eastern District of Texas and Assistant United States Attorney Joe Batte ("AUSA Batte") for the Eastern District of Texas are opposed. USPO Eppes prepared a report analyzing Al Bizri's request for international travel in view of his prior record and recommends that the court deny his motion. Having considered the motion, USPO Eppes's report, AUSA Batte's position, the record, and the applicable law, the court is of the opinion that Al-Bizri's motion should be denied.

I.      Background

On June 9, 2010, a federal grand jury in the Northern District of Texas, Lubbock Division, returned an indictment charging Al-Bizri with an array of firearms offenses. Along with the offense to which he pleaded guilty (possession of firearms by a convicted felon), he was also charged with possession of a stolen firearm, possession of a firearm with an obliterated serial number, and possession of an unregistered firearm. After he pleaded guilty on August 26, 2010, Al-Bizri was sentenced on November 19, 2010, in the Northern District of Texas to 120 months' imprisonment followed by a 3-year term of supervised release.

According to Al-Bizri's Presentence Investigation Report ("PSR") prepared in the case at bar, his offense of conviction in the Northern District of Texas case arose from a dispute with another individual in a parking lot over a fender-bender that occurred on January 22, 2010. After a heated exchange, Al-Bizri fired a revolver at the victim—one round struck the victim in the right side of his back and a second round grazed his stomach. Al-Bizri was identified and arrested seven days later during a traffic stop at which time he was found to be in possession of a 9mm pistol located in his waistband. In addition, a stun gun and a partially smoked "blunt" of marijuana were recovered from his vehicle. A search of his residence yielded a .22 caliber revolver with an obliterated serial number under his mattress, a 12-gauge pump-action shotgun in his bedroom, and an unregistered .410 gauge short-barreled shotgun elsewhere in the apartment. Officers also discovered a safe containing 10.44 grams of Xanax, 1.24 grams of methamphetamine, 10.56 grams of mushrooms, 211.19 grams of marijuana, ammunition, and drug paraphernalia during the search. Al-Bizri was charged by state authorities with aggravated assault

causing serious bodily injury as a result of this incident to which he pleaded guilty and was sentenced to 14 years' imprisonment on April 21, 2011.

In the case at bar, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a ten-count indictment on October 1, 2014, charging Al-Bizri and four codefendants with a variety of offenses related to an attempt to bring in and distribute heroin in the Federal Correctional Complex in Beaumont, Texas ("FCC Beaumont"), where Al-Bizri was housed for his firearms conviction. Along with the offense to which he pleaded guilty (attempt to obtain a prohibited object (heroin) by a federal inmate and aiding and abetting), he was also charged with conspiracy to distribute and possess with intent to distribute a controlled substance (heroin), distribution and possession with intent to distribute heroin, and attempt to provide contraband (heroin) to a federal inmate and procuring another to commit the crime. After pleading guilty on March 11, 2015, Al-Bizri was sentenced on June 25, 2015, to 55 months' imprisonment followed by a 3-year term of supervised release. The sentence of imprisonment was to run consecutively to any term imposed by a previous state or federal sentence.

With regard to Al-Bizri's offense of conviction in the Eastern District of Texas, officials at FCC Beaumont who were monitoring inmate telephone calls, emails, and conversations learned that Al–Bizri and other inmates were involved in bringing narcotics into the United States Penitentiary in Beaumont ("USP Beaumont"). Officials observed conversations between Al-Bizri and Codefendant Janet Tapia ("Tapia"), a civilian friend. Al-Bizri arranged for Tapia to be supplied with heroin that was intended for eventual introduction into the penitentiary through visitation. Investigation revealed that Tapia was in contact with sources of supply for heroin in south Texas and California, the latter of which provided her with instructions on how to package

the heroin to smuggle into the prison for Al-Bizri. On August 6, 2012, federal authorities intercepted Tapia as she entered the visitation area of USP Beaumont. Authorities seized two balloons containing heroin from Tapia, which she intended to deliver to Al-Bizri during visitation. A subsequent search of her residence revealed additional quantities of heroin she intended to smuggle into the prison through visitation with Al-Bizri. The total quantity of heroin seized was 44.01 grams.

Al-Bizri was released from prison and began two concurrent terms of supervised release on March 13, 2024, at an approved residence in the Southern District of Texas.

II.   Analysis

Although Al-Bizri casts his motion as a request for modification of the terms of his supervised release, in actuality, he is seeking permission to travel to Spain to attend his sister's wedding and visit family from September 25, 2024, through October 12, 2024. Al-Bizri maintains that he has been compliant with the terms of his supervision since his release. According to USPO Eppes's report, he contacted USPO Derrick who confirmed that Al-Bizri has maintained a stable residence, all drug tests have returned negative for illicit substances, he has been attending monthly counseling sessions as directed, and there has been no evidence of new criminal activity during his supervision term. Yet, after serving more than 14 years in prison, Al-Bizri has been on supervised release for less than 6 months of his 3-year term of supervision.

In his report, USPO Eppes expressed concerns about Al-Bizri's requested travel in view of his significant criminal history. USPO Eppes noted that a review of Al-Bizri's offense of conviction in the Eastern District of Texas, which involved attempting to use a civilian to bring heroin into the FCC, was committed while he was serving a 120-month term of imprisonment for

4

his firearms conviction in the Northern District of Texas. In addition to his federal firearms and drug offenses, Al-Bizri's criminal history, which began at age 15, includes prior convictions for unlawful possession of a dangerous drug, possession of marijuana (2x), possession of alprazolam, and aggravated assault causing serious bodily injury. As USPO Eppes noted, Al-Bizri's PSR also reflects a prior revocation of community supervision for new criminal conduct, leading to the revocation of his probation in 2006. Moreover, he received disciplinary sanctions while incarcerated for being absent from assignment (a moderate severity violation) and possessing alcohol/drugs (a high severity violation). Another concern is Al-Bizri's long history of poly-substance abuse which, according to his PSR, started at age 13 and includes the daily use of marijuana, Xanax, Ecstasy, methamphetamine "ice," cocaine, and heroin. USPO Eppes further reported that due to his history and current circumstances, USPO Derrick assigned Al-Bizri a Post-Conviction Risk Assessment ("PCRA") score of Moderate Risk/Violence Category 3, which is the highest violence category available.

     A review of Al-Bizri's PSR reveals that he has extensive ties to foreign countries, thus posing a risk of flight in the context of international travel. Al-Bizri advised Probation that his parents were divorced. At the time the PSR was prepared, his father, a citizen of Lebanon, continued to reside in Lebanon, and his mother, a citizen of Saudi Arabia, divided her time between Houston and Saudi Arabia. Al-Bizri himself resided in Lebanon for ten years from ages 2 to 12. He has a half-sister who, when the report was prepared, resided in Kuwait; in addition, he has a half-brother and two half-sisters who resided in Lebanon. His sister Tanya, the bride-to-be, is an airline pilot who presumably has ready access to airline flights for family members. Furthermore, according to the PSR, Al-Bizri is known to have used at least eight aliases.

USPO Eppes, after reviewing the circumstances surrounding Al-Bizri's request to travel to Spain, concluded that granting him permission to travel at this juncture would be inadvisable. He explained:

> Though our office does not wish to diminish Mr. Al-Bizri's apparent compliance thus far, he has only been on supervision for less than six months for the Texas-Eastern and Texas-Northern cases. As noted, he also has an extensive criminal record involving drugs and weapons/violence, as well as earlier issues with compliance while on supervision and while incarcerated in a secure facility. This history and his prior actions suggest a heightened risk to the community, and for recidivism, as shown in his PCRA Score.
>
> He is to be commended for his progress so far during the terms of supervised release, in addition to his desire to reestablish ties and maintain contact with family members he has not seen in some time. However, the other circumstances in this particular case are not favorable and it would be the recommendation of the U.S. Probation Office, in the Eastern District of Texas, for the Court to deny his request for international travel at this time. Assistant U.S. Attorney Joe Batte was contacted in reference to this motion. Based on the circumstances, the Government is also opposed to the travel request.

The court concurs with USPO Eppes's assessment of the situation and finds that permitting Al-Bizri to travel to Spain at this time during his term of supervised release would not be in the interest of justice.

III.   Conclusion

In accordance with the foregoing, Al-Bizri's Motion to Modify Conditions of Supervised Release (#166) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of September, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE